IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RON FAYEWICZ, :
: 1:11-cv-2397
Plaintiff, :
: Hon. John E. Jones III
v. :
: Hon. Martin C. Carlson
DR. EDWARD ZALOGA, *et al.*, :
:
Defendants. :

**MEMORANDUM**

August 27, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 48), filed on July 31, 2013, which recommends that we grant the Defendants' unopposed Motion to Dismiss and for Summary Judgment (Docs. 40 and 42) and dismiss *pro se* Plaintiff Ron Fayewicz's ("Plaintiff" or "Fayewicz") complaint. Objections to the R&R were due by August 19, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, the R&R shall be adopted in its entirety.

**I.      STANDARD OF REVIEW**

1

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). Our review of this case confirms the Magistrate Judge's determinations.

## II.   DISCUSSION

Plaintiff's action arises out of medical treatment for his prostate condition he received while incarcerated at Lackawanna County Prison ("LCP") from September through November 2011. Plaintiff, who had previously been diagnosed with and suffered from prostatitis in February of 2011, began experiencing prostatitis-like symptoms in September of 2011 while incarcerated at LCP.

Plaintiff contends that despite his repeated complaints to Dr. Zaloga, including informing Dr. Zaloga that he had previously been treated for prostatitis with Cipro, he was never properly tested or treated for this round of prostatitis while at LCP. Based on these factual allegations, Plaintiff asserted an Eighth Amendment deliberate indifference claim against Dr. Zaloga, as well as the Warden and Assistant Warden of LCP.

The record developed at summary judgment sheds insight into Plaintiff's claims that renders them unavailing. First, any delays in Plaintiff's treatment by Dr. Zaloga were due to Plaintiff refusal of treatments recommended by Dr. Zaloga, as well as Plaintiff's refusal to be seen by medical staff on certain occasions. The undisputed factual records establishes that prison staff responded to Fayewicz's requests for medical attention on at least six occasions during his brief incarceration at LCP. The conclusion drawn by Magistrate Judge Carlson, with which we fully agree, is that these prison medical records, which Fayewicz has not contested in any fashion, further disclose that prison officials and medical staff displayed an appropriate level of care and concern for the Plaintiff's prostatitis but were often hindered by Plaintiff's refusal to accept treatment. *See Brown v. Borough of Chambersburg*, 903 F. 2d 274, 278 (3d Cir. 1990)("[A]s long as a

physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").

Rather than dispute the evidence of medical care presented by the Defendants at summary judgment, as discussed by Magistrate Judge Carlson, it appears that Plaintiff has completely abandoned his claims before this Court. He never filed a response to the Defendants' motions, which have been pending since December of 2012.[1] Thus, Magistrate Judge Carlson recommends that the Plaintiff's case be dismissed pursuant to F.R.C.P. 41(b) for his failure to prosecute.[2] We fully agree with the Magistrate Judge's conclusion in this regard.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.

---

[1] Moreover, Plaintiff did not file objections to the instant R&R.

[2] The Magistrate Judge undertakes an exhaustive review of the *Poulis* factors prior to recommending dismissal of this case, thus we shall not endeavor to repeat the same herein, but refer the reader to pages 8-24 of the R&R, which is attached hereto.